IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-5

 No. COA19-1125

 Filed: 2 February 2021

 Buncombe County, Nos. 17CRS083195, 17CRS086273, 17CRS086275

 STATE OF NORTH CAROLINA

 v.

 ELEANOR BLACK, Defendant.

 Appeal by Defendant from judgment entered 17 May 2019 by Judge Peter B.

 Knight in Buncombe County Superior Court. Heard in the Court of Appeals 12

 January 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Jessica V.
 Sutton, for the State.

 Jarvis John Edgerton, IV, for Defendant-Appellant.

 INMAN, Judge.

¶1 When enhancing a criminal defendant’s sentence based on a prior criminal

 offense committed in another state, the trial court must consider the legal elements

 of the out-of-state offense to determine that it is substantially similar to a North

 Carolina offense. This is a legal issue that cannot be waived by a criminal defendant’s

 stipulation.
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

¶2 Eleanor Black (“Defendant”) contends that the trial court erred in calculating

 her prior record level for sentencing by finding that several out-of-state misdemeanor

 convictions were substantially similar to Class 1 or Class A1 misdemeanor offenses

 in North Carolina and by imposing a civil judgment for attorney’s fees before offering

 Defendant the opportunity to be heard. After careful review, we hold the trial court

 erred in finding the out-of-state offenses were substantially similar to North Carolina

 misdemeanors without comparing the elements of each statute. We also hold that

 the trial court further erred in assigning attorney’s fees without providing Defendant

 notice and the opportunity to be heard.

 I. FACTUAL & PROCEDURAL HISTORY

¶3 Defendant pled guilty to attempted identity theft and possession of a stolen

 motor vehicle on 17 May 2019. Her plea agreement provided that the two Class H

 felony charges “will be consolidated into [one] judgment for supervised probation” but

 left open for the trial court to decide the remaining aspects of the sentence.

¶4 The sentencing worksheet prepared by the State indicated that Defendant had

 fourteen prior record points, based on ten out-of-state convictions, each assigned a

 corresponding number of points and calculated to fall within the range of a prior

 record level V for sentencing purposes. Four of the convictions were classified as

 Class I felonies, accounting for two points each and a total of eight of Defendant’s

 prior record points. The remaining six out-of-state convictions were all classified as
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

 Class 1 misdemeanors; they were assigned one point each and accounted for the

 remaining six prior record points. Defendant and her counsel stipulated to these

 prior convictions and classifications by signing the sentencing worksheet under

 “Section III: Stipulation.”

¶5 At the plea hearing, the State furnished the trial court with copies of each out-

 of-state misdemeanor statute as evidence that the offenses were “substantially

 similar” to a North Carolina offense to support their classification as Class 1

 misdemeanors. The trial court accepted the copies of the statutes and, without

 further review, asked Defendant’s counsel “whether you object my finding they’re

 similar status in North Carolina.” Defense counsel did not respond before the

 prosecutor addressed the return of Defendant’s personal items. After that

 interruption, Defendant and her counsel ultimately agreed to “14 prior record points

 and a prior record level, therefore, of five for felony sentencing purposes.”

¶6 Before sentencing, Defendant’s counsel stated to the trial court, “I was

 appointed in this matter with 16 and a half hours at $990.” The trial court did not

 ask Defendant about the attorney’s hours or fees.

¶7 The trial court found a factual basis for the felony charges, accepted the signed

 plea agreement, and consolidated Defendant’s felony convictions. The trial court

 found no aggravating or mitigating factors and sentenced Defendant within the

 presumptive range for a Class H felony and a prior record level V to a sentence of 15
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

 to 27 months, suspended for 36 months of supervised probation. Defendant was also

 ordered to pay court costs and to reimburse the State $990 for her legal fees.

¶8 Defendant now appeals pursuant to N.C. Gen. Stat. § 15A-1444(a2)(1) (2019),

 which allows a defendant to appeal a guilty plea as a matter of right when his or her

 prior record level has been miscalculated.

 II. ANALYSIS

 A. Prior Record Level

¶9 Defendant first contends that the trial court erred by improperly counting out-

 of-state misdemeanor convictions toward her prior sentencing points without

 considering whether each conviction was substantially similar to any North Carolina

 Class A1 or Class 1 misdemeanor.

¶ 10 “The trial court’s determination of a defendant’s prior record level is a

 conclusion of law, which this Court reviews de novo on appeal.” State v. Threadgill,

 227 N.C. App. 175, 178, 741 S.E.2d 677, 679-80 (2013) (citations omitted). Even so,

 “[w]hether a particular out-of-state comparison is substantially similar to a

 particular North Carolina offense is subject to harmless error review.” State v.

 Weldon, 258 N.C. App. 150, 160, 811 S.E.2d 683, 691 (2018) (citing State v. Riley, 253

 N.C. App. 819, 824, 802 S.E.2d 494, 498 (2017)). A miscalculation of the points is

 harmless where “deducting the improperly assessed points would not affect the

 defendant[’s] [prior] record levels.” State v. Lindsay, 185 N.C. App. 314, 316, 647
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

 S.E.2d 473, 474 (2007) (citing State v. Bethea, 173 N.C. App. 43, 61, 617 S.E.2d 687,

 698 (2005); State v. Smith, 139 N.C. App. 209, 219-20, 533 S.E.2d 518, 524 (2000)).

¶ 11 A prior record level is determined by calculating the sum of the points assigned

 to each of the offender’s prior convictions. N.C. Gen. Stat. § 15A-1340.14(a). When a

 prior misdemeanor conviction is for an offense not substantially similar to an offense

 defined by North Carolina law, the conviction is treated as a Class 3 misdemeanor

 and is not counted as a prior record point for sentencing purposes. Id. § 15A-1340.14

 (b)(5),(e). However,

 [i]f the State proves by preponderance of the evidence that
 an offense classified as a misdemeanor in the other
 jurisdiction is substantially similar to an offense classified
 as a Class A1 or Class 1 misdemeanor in North Carolina,
 the conviction is treated as a Class A1 or Class 1
 misdemeanor for assigning prior record level points.

 Id. § 15A-1340.14(e) (emphasis added). A Class A1 or Class 1 misdemeanor receives

 one prior record level point in sentencing calculation. Id. § 15A-1340.14(b)(5).

¶ 12 Certainly, a defendant may stipulate to a prior conviction, “admitting that

 certain past conduct constituted a stated criminal offense.” State v. Arrington, 371

 N.C. 518, 522, 819 S.E.2d 329, 332 (2018); N.C. Gen. Stat. § 15A-1340.14(f)(1). For

 an out-of-state conviction, a trial court “may accept a stipulation that the defendant

 in question has been convicted of a particular out-of-state offense and that this offense

 is either a felony or a misdemeanor under the law of that jurisdiction” for sentencing
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

 purposes. State v. Bohler, 198 N.C. App. 631, 638, 681 S.E.2d 801, 806 (2009). But

 the trial court “may not accept a stipulation to the effect that a particular out-of-state

 conviction is ‘substantially similar’ to a particular North Carolina felony or

 misdemeanor.” Id. at 637-38, 681 S.E.2d at 806; see also State v. Glover, 267 N.C.

 App. 315, 326, 833 S.E.2d 203, 211 (2019), reversed on other grounds by State v.

 Glover, __ N.C. __, __S.E.2d __, 2020 WL 7416450 (N.C. Dec. 18, 2020) (declining to

 interpret our Supreme Court’s recent holding in Arrington “to overrule our

 longstanding precedent that the parties may not stipulate to the substantial

 similarity of an out-of-state conviction, nor its resulting North Carolina

 classification”).

¶ 13 Instead, “whether the out-of-state conviction is substantially similar to a North

 Carolina offense is a question of law involving comparison of the elements of the out-

 of-state offense to those of the North Carolina offense.” State v. Fortney, 201 N.C.

 App. 662, 671, 687 S.E.2d 518, 525 (2010) (citing State v. Hanton, 175 N.C. App. 250,

 255, 623 S.E.2d 600, 604 (2006)). Printed copies of the out-of-state statutes “and

 comparison of their provisions to the criminal laws of North Carolina [are] sufficient

 to prove by a preponderance of the evidence that the crimes of which defendant was

 convicted in those states were substantially similar to classified crimes in North

 Carolina.” State v. Rich, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52 (1998) (emphasis

 added); N.C. Gen. Stat. § 8-3(a).
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

¶ 14 In this case, the State presented the trial court with copies of each of the out-

 of-state criminal statutes underlying Defendant’s prior convictions, but the

 prosecutor made no attempt to compare their provisions to the purportedly similar

 classified crimes in North Carolina. Further, there is no indication in the record that

 the trial court made any such comparison. See Hanton, 175 N.C. App. at 255, 623

 S.E.2d at 604.

¶ 15 If even one of the out-of-state misdemeanors Defendant had committed were

 not substantially similar to a North Carolina offense, the miscalculation would alter

 Defendant’s prior record level, constituting legal error. See Lindsay, 185 N.C. App.

 at 316, 647 S.E.2d at 474 (“Even if the trial courts did miscalculate the points

 involved, this constituted harmless error, because deducting the improperly assessed

 points would not affect the defendants' record levels.”) (citations omitted). For

 example, as Defendant asserts, the Florida misdemeanor offense of petit theft is

 different on its face than the North Carolina misdemeanor larceny statute. Florida’s

 petit theft statute, unlike North Carolina’s misdemeanor larceny statute, does not

 require evidence of intent to permanently deprive the possessor of the stolen

 property’s use––a temporary deprivation will suffice. Compare Fla. Stat.

 § 812.014(1), with N.C. Gen. Stat. § 14-72; see also State v. Davis, 226 N.C. App. 96,

 100, 738 S.E.2d 417, 420 (2013) (holding that Georgia’s theft by taking statute was

 not substantially similar to the North Carolina misdemeanor larceny statute because
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

 the Georgia statute provided that deprivation could be permanent or temporary). In

 other words, a person could be guilty of petit theft in Florida but not guilty of larceny

 in North Carolina if that person lacks the requisite intent to permanently deprive

 another of property as required by our state’s criminal provisions. If the two offenses

 are not substantially similar, Defendant’s Florida petit theft conviction would default

 to a Class 3 misdemeanor and it would not count toward Defendant’s prior record

 points. As a result, Defendant would lose one prior record point––from fourteen to

 thirteen total points––moving her into a prior record level IV where the highest end

 of the presumptive range is between 11 and 23 months––below the 15 to 27-month

 term imposed.

¶ 16 If the trial court determined that none of the five challenged out-of-state

 misdemeanors is substantially similar to a North Carolina offense, Defendant’s point

 calculation would fall within a prior record level III, reducing Defendant’s permissible

 sentence even further to 10 to 21 months.

¶ 17 Because the record does not indicate that the trial court compared the elements

 of each out-of-state statute to a purportedly similar North Carolina offense and any

 error in miscalculation of prior record points was not harmless, we remand the case

 for resentencing.

 B. Attorney’s Fees
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

¶ 18 Defendant next argues, and the State concedes, that the trial court erred in

 entering a civil judgment for attorney’s fees because the trial court did not properly

 allow Defendant to be heard on the issue.

¶ 19 Before entering civil judgments against indigent defendants for fees imposed

 by their court-appointed attorneys, State v. Jacobs, 172 N.C. App. 220, 235, 616

 S.E.2d 306, 316 (2005), “[a] convicted defendant is entitled to notice and an

 opportunity to be heard.” State v. Webb, 358 N.C. 92, 101, 591 S.E.2d 505, 513 (2004)

 (citation omitted). Specifically, “trial courts should ask defendants––personally, not

 through counsel––whether they wish to be heard on the issue.” State v. Friend, 257

 N.C. App. 516, 523, 809 S.E.2d 902, 907 (2018).

¶ 20 Here, prior to sentencing, Defendant’s counsel informed the court that he was

 appointed, claimed he had completed 16 and a half hours of work on the matter at

 $990, and presented the trial court with a fee application.

¶ 21 Because the trial court did not offer Defendant an opportunity to be heard

 regarding the total number of hours worked or the total amount of fees requested by

 her attorney, we vacate the imposed civil judgment as to the attorney’s fees without

 prejudice to the State’s right to apply for a judgment after due notice to Defendant

 and a hearing. Jacobs, 172 N.C. App. at 236-37, 616 S.E.2d at 317; see also Friend,

 257 N.C. App. at 523, 809 S.E.2d at 907.

 III. CONCLUSION
 STATE V. BLACK

 2021-NCCOA-5

 Opinion of the Court

¶ 22 For the above-mentioned reasons, we hold the trial court erred in concluding

 the out-of-state offenses were substantially similar to certain North Carolina crimes

 for sentencing purposes absent comparison of the elements of each statute, and it

 erred by imposing attorney’s fees without providing Defendant the opportunity to be

 heard. Accordingly, we remand the case for resentencing and vacate the imposed

 civil judgment of attorney’s fees.

 VACATED AND REMANDED.

 Judges DILLON and ARROWOOD concur.